UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:13-CR-53 |
| | ) | |
| CAMERON SHAUN POWERS | ) | |

**REPORT AND RECOMMENDATION**

Defendant has filed a motion that he be released on conditions, (Doc. 57). That motion has been referred to the magistrate judge for disposition by order of the district judge.[1] Since this is a post-trial matter, under 28 U.S.C. § 636, defendant's motion will be addressed by a report and recommendation.

The basis of defendant's motion is that the state criminal charges pending against him have now been dismissed by the prosecution. Respectfully, that would be a consideration if defendant were awaiting trial in this court and had been detained as a matter of expedience in light of pending state charges, but that is no longer the situation. Defendant has pleaded guilty to conspiring to manufacture or attempt to manufacture methamphetamine, as well as pleading guilty to endangering human life while manufacturing or attempting to manufacture methamphetamine. The plea agreement recites that he and the United States have agreed that a sentence of thirty months imprisonment on both counts, to run concurrently, is an

---

[1]Doc. 59.

appropriate disposition. Defendant is asking by this motion that he be allowed release pending his sentencing hearing before the district judge on January 9, 2014.

The offenses to which defendant had pleaded guilty fall within the ambit of 18 U.S.C. § 3142(f)(1)(C). As a result, the provisions of 18 U.S.C. § 3143(a)(2) are now applicable. That section reads as follows:

> **§ 3143. Release or detention of a defendant pending sentence or appeal**
>
> **(a) Release or detention pending sentence.–(1)** Except as provided in paragraph (2), the judicial office shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if release under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).
> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless –
>
> **(A)(i)** the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> **(ii)** an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> **(B)** the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Subsection (A)(i) does not apply since rather obviously there is no likelihood that a

motion for acquittal or a new trial will be granted.

As far as subpart (ii) is concerned, not only has the United States not recommended that there be no sentence of imprisonment, quite the converse is true: the United States has recommended a sentence of thirty months.

Since neither subsection (A)(i) or (ii) is applicable; and since the conjunctive "and" is used, paragraph (B) is irrelevant and there is no need to conduct a hearing to determine if the defendant is able to prove by clear and convincing evidence that he is neither a risk of flight nor a potential danger to any other person or the community.

In short, defendant's detention is now mandatory and a hearing on his motion would be a waste of time.

For the reasons stated above, it is recommended that defendant's motion for bond, (Doc. 57), be denied.[2]

SO ORDERED:

                 s/ Dennis H. Inman
                 United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).