IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

UNITED STATES OF AMERICA )
)
v. ) No. 2:13-CR-053
)
CAMERON SHAUN POWERS )

## MEMORANDUM AND ORDER

On September 10, 2013, the defendant pled guilty to conspiring to manufacture methamphetamine (Count One) and endangering human life while illegally manufacturing or attempting to manufacture methamphetamine (Count Six). He is subject to maximum sentence of 20 years on Count One and 10 years on Count Six. The parties' plea agreement recommends a total term of imprisonment of 30 months pursuant to Rule 11(c)(1)(C) of the Federal Rules of Civil Procedure.

The defendant was brought before this court on a writ of habeas corpus ad prosequendum, and he remained in custody following the entry of his guilty plea. On August 29, 2013, his pending state charges were dismissed. In light of that development, the defendant has now moved for release on an unsecured bond [doc. 57]. That motion was referred to Chief United States Magistrate Judge Dennis H. Inman for a report and recommendation ("R&R").

On October 7, 2013, Judge Inman issued an R&R [doc. 60] recommending that the bond motion be denied. Now before the court is the defendant's brief objection to the R&R [doc. 61].

*De novo* review by the district court of a magistrate judge's report and recommendation is both statutorily and constitutionally required. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

As Judge Inman correctly noted, because the defendant has been found guilty of an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, *see* 18 U.S.C. § 3142(f)(1)(C), for him to be released on bond the court must make a finding as to both of the following:

> 1. There is a substantial likelihood that a motion for acquittal or new trial will be granted, 18 U.S.C. § 3143(a)(2)(A)(i), <u>or</u> the government has recommended that no sentence of imprisonment be imposed, 18 U.S.C. § 3143(a)(2)(A)(ii)
>
> <u>AND</u>
>
> 2. There is clear and convincing evidence that the defendant is not likely to flee or pose a danger to any other person or the community. 18 U.S.C. § 3143(a)(2)(B).

As Judge Inman further correctly observed, on the facts of the present case section 3143(a)(2)(A) cannot be satisfied as there is presently no likelihood of a successful motion for acquittal or new trial, and the government has not recommended that no term of imprisonment be imposed. The defendant is therefore subject to mandatory detention. *See* 18 U.S.C. § 3143(a)(2).

2

However, despite section 3143's seemingly clear mandate, there exists authority that a district court can override mandatory detention by way of 18 U.S.C. § 3145(c) if a defendant clearly shows that there are exceptional reasons why his detention would not be appropriate. *See United States v. Christman*, 596 F.3d 870 (6th Cir. 2010). "Exceptional reasons" under section 3145(c) is a very high bar. *See, e.g., United States v. Cook*, 42 F. App'x 803, 804 (6th Cir. 2002) (cooperation with government, and economic hardship, and hardship to family did not combine to make "exceptional reasons").

In the present case, the defendant has not clearly shown exceptional reasons why his continued detention is not appropriate. His motion and his objection collectively offer only that his state charges have been dismissed. That is not nearly enough. *See Cook*, 42 F. App'x at 804. As stated by Judge Inman, a hearing on this issue "would be a waste of time."

For these reasons, the court **ADOPTS** the findings of fact and conclusions of law contained in the R&R [doc. 60]. The defendant's motion for bond [doc. 57] is **DENIED**, and his objection [doc. 61] is **OVERRULED**.

**IT IS SO ORDERED.**

ENTER:


_____s/ Leon Jordan_____
United States District Judge

3